(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

2007 SEP 10 PM 3: 07
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Starling Kenza L

_____
(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION No. ___0 7 - 5 4 1___

Potter John E Postmaster

General U·SPS
_____
(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1.  This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. $2000e-5. Equitable and other relief are also sought under 42 U.S.C. $2000e-5(g).

2.  Plaintiff resides at _5105 Christiana Meadows_
    (Street Address)
    _Bear_ _____ _DE_ _19701_
    (City)      (County)    (State)    (Zip Code)
    _(302) 395-0668_
    (Area Code) (Phone Number)

3.  Defendant resides at, or its business is located at _421 Benigno Blvd_
    (Street Address)
    _Bellmawr_ _NJ_ _08031-9998_
    (City)      (County)    (State)    (Zip Code)

4.  The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's _USPS_ _SJP & DC_ place of business
    (Defendant's Name)
    located at _421 Benigno Blvd_
    (Street Address)
    _Bellmawr_ _NJ_ _08031-9998_
    (City)      (County)    (State)    (Zip Code)

5. The alleged discriminatory acts occurred on ___29___ , ___May___ , ___2004___ —
                                                  (Day)        (Month)      (Year)
                                            6            April      2005

6. The alleged discriminatory practice    ○ is    ☑ is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,

| (Agency) | (Street Address) | (City) |
|---|---|---|

, regarding

| (County) | (State) | (Zip Code) |
|---|---|---|

defendant's alleged discriminatory conduct on ___29___ , ___May___ , ___2004___ .
                                                (Day)       (Month)      (Year)
                                            6           April       2005

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: ___10___ , ___January___ , ___2007___
                                                                                                    (Day)        (Month)        (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: ___30___ , ___June___ , ___2007___ .
                                                                               (Day)       (Month)      (Year)

### *(NOTE:    ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10. The alleged discriminatory acts, in this suit, concern:

    A.    ○ Failure to employ plaintiff.

    B.    ○ Termination of plaintiff's employment.

    C.    ○ Failure to promote plaintiff.

    D.    ☑ Other acts (please specify below)

Harassment, Disparity Treatment, Discrimination,
Race and Retaliation; Hostile Work Environment

11.    Defendant's conduct is discriminatory with respect to the following:

      A.    ☒    Plaintiff's race

      B.    ○    Plaintiff's color

      C.    ○    Plaintiff's sex

      D.    ○    Plaintiff's religion

      E.    ○    Plaintiff's national origin

⑫    A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.    If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.    Plaintiff's has no adequate remedy at law to redress the wrongs described above.

### *THEREFORE*,  Plaintiff prays as follows: (Check appropriate letter(s))

    A.    ✓    That all fees, cost or security attendant to this litigation be hereby waived.

    B.    ✓    That the Court appoint legal counsel.

    C.    ✓    That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: September 10, 2007

(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Kenza L. Starling,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120071237

Hearing No. 170-2005-00058X

Agency No. 1C-081-0042-04

DECISION

On January 5, 2007, complainant filed an appeal from the agency's December 6, 2007, final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.* The appeal is deemed timely and is accepted pursuant to 29 C.F.R. § 1614.405(a). For the following reasons, the Commission affirms the agency's final order.

During the relevant time, complainant worked as a PS-5 Modified Mail Processor in the South Jersey Processing and Distribution Center in Bellmawr, New Jersey. On April 18, 2005, complainant filed an EEO complaint alleging that she was discriminated against on the bases of race (African-American), sex (female), disability (not specified) and reprisal for prior protected EEO activity when: she was allegedly continuously harassed and treated in a disparate manner from approximately May 2004 through April 2005; and the agency allegedly failed to reasonably accommodate her beginning on or about January 2005.[1] For example, on May 29, 2004, she discovered that she was charged Absent Without Leave (AWOL) from May 22 through May 27, 2004 while she was on vacation. On June 2, 2004, she was paged by

---

[1] Although the agency and the AJ subsumed the claim of failure to reasonably accommodate in the claim of hostile work environment, the AJ clearly analyzed whether the agency failed to reasonably accommodate complainant in her decision. Therefore, we will analyze that issue herein.

management while she was on a break, questioned about her time card and placed in AWOL status from 9:55 PM to 11:10 PM. On July 1, 2004, she was asked to update her medical restrictions, although not everyone was requested to provide an update. On September 24, 2004, after returning to her work area, she discovered that the supervisor had removed her chair from her work station and given it to another employee, and then required that she provide medical documentation for the chair. On January 18, 2005, management told her that her CA-17 (Duty Status Report) was not acceptable. On January 23, 2005, after reporting for work at a new start time, in accordance with a December 23, 2004 notice that she signed and accepted on October 28, 2004, management advised her that the new start time did not apply to her. On March 17, 2005, management notified her by certified mail that she was to meet with them on March 23, 2005, and also advised her that she was in an AWOL status. On April 6, 2005, after returning to duty, she was again removed from the building and placed in a LWOP (Leave Without Pay) status.

At the conclusion of the agency's investigation, complainant was provided with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing and the AJ held a three day hearing between October 11 through 18, 2006. The AJ issued a thorough decision on November 27, 2006, finding no discrimination.

The AJ found that complainant failed to establish a *prima facie* case of race, sex, or reprisal discrimination based on a hostile work environment theory because she failed to show that the agency's actions were due her membership in those protected groups. The AJ determined that personality conflicts between complainant and management appeared to contribute to the environment. She further noted that, with respect to complainant's reprisal claim, the alleged harassing behavior pre-dated complainant's appointment as a shop steward, a capacity in which she participated in EEO activity. As to complainant's disability claim, the AJ found that complainant failed to establish that she had an impairment which substantially limits a major life activity. She then assumed *arguendo* that complainant established that she was an individual with a disability, and she found that the agency made a good faith effort to accommodate complainant when she provided the necessary medical documentation, and that the agency made an appropriate job offer once it received the aforesaid documentation. She also found that the agency did not intentionally discriminate against complainant on the basis of disability.

The agency subsequently issued a final order adopting the AJ's finding that complainant failed to prove that she was subjected to discrimination as alleged, and complainant filed the subject appeal. She provided a detailed account of each incident of alleged hostile work environment, as well as the events surrounding her request for reasonable accommodation.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

3                                                0120071237

*Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. *See Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

The Commission finds that the AJ's decision summarized the relevant facts and referenced the appropriate regulations, policies, and laws. We discern no basis to disturb the AJ's decision finding no discrimination on the basis of race, sex, reprisal, and/or disability. With respect to complainant's claim of hostile work environment, there is no indication that a discriminatory animus based on race or sex or in reprisal was the motivation behind the agency's actions. We note in this regard that the record revealed a uniquely strained relationship between complainant and management, but nothing that indicated discriminatory animus. *McCleod v. Social Security Administration*, EEOC Appeal No. 01963810 (August 5, 1999) (citing *Henson v. City of Dundee*, 682 F.2d 987, 903 (11th Cir. 1982). With respect to complainant's claim of disability discrimination,[2] the record also reveals that the agency requested appropriate medical documentation, and any delays in providing an accommodation thereafter were caused by complainant's failure to provide that documentation. EEOC's *Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*, Notice No. 915.002 (*revised* October 17, 2002), at Question 6. Moreover, once complainant comported with the agency's request, the agency provided her with a job offer within her restrictions. Accordingly, the Commission concludes that complainant has failed to prove that she was subjected to a hostile work environment on the basis of race, sex, reprisal, and/or disability, or that the agency failed to reasonably accommodate her in a timely manner.

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we affirm the agency's final order.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

---

[2] We assume without finding, for the purposes of analysis only, that complainant is an individual with a disability as alleged.

4                                             0120071237

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036.  In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604.  The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration.   The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

5                                    0120071237

time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

JUN 2 6 2007

Date

6                                    0120071237

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Kenza L. Starling
5105 Christiana Meadows
Bear, DE  19701

Maria Ealy
1430 Kaighn Ave
Bellmawr, NJ  08031

U.S. Postal Service (Northeast)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979

JUN 2 6 2007
_____
Date

_____
Equal Opportunity Assistant

| U.S. Postal Service | Certified Mail No.<br>7002 2410 0007 1983 5461 | Date Mailed<br>07/02/2004 | or | Hand Delivered on |
|---|---|---|---|---|
| **Information for Pre-Complaint Counseling** | By *(Initials)*<br>MAZ | Case No. | | |

On ___July 2, 2004___ , you requested an appointment with a Dispute Resolution Specialist.
*(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

## A. Requester Information

| Name *(Last, First, MI)*<br>**STARLING, KENZA LYNN** | Social Security No. | Home Telephone No.<br>**(302) 325-1931** |
|---|---|---|

Your Mailing Address
**60 LIBORIO LANE, NEW CASTLE DE 19720-4651**

| Name of Postal Facility Where You Work | Office Telephone No.<br>(856) 933-4300 |
|---|---|
| South Jersey | |
| Address of Postal Facility | Email Address* |
| 421 Benigno Blvd Bellmaur NJ 08031-9998 | |

| Employment Status *(Check One)* | | | | Position Title | Grade Level |
|---|---|---|---|---|---|
| ☐ Applicant | ☐ Casual | ☐ TE | ☒ Career | Modified Mail Processor | 5 |

| Pay Location | Tour | Duty Hours | Off Days *(If Tour I, Show Nights Off)* | Time in Current Position |
|---|---|---|---|---|
| 321 | 3 | 19:00-03:50 | Mon / Tue | 10 Years   8 Months |

| Your Supervisor's Name | Supervisor's Title | Supervisor's Telephone No. |
|---|---|---|
| Val Mrcheelus | Letter Hole | (856)933-4009 |

•Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

## B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Retaliation, Harassment, Disparity Treatment, Discrimination and Race

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On 12-24-03 , I engaged in EEO activity. Case No.: 1C-081-0018-04
   *(Month, Day, Year)*

2. On _____ , I engaged in EEO activity. Case No.: _____
   *(Month, Day, Year)*

## C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On May 29 , 20 04 - Present
   *Month, Day         Year*

Management has violated my rights as A human being which consist of;
Falsification - untruthful account of, to misrepresent, to alter or
tamper with in order to deceive, to forge documents, time, statements
that lead to A 7-Day suspension. Management has also violate ELM 17.5
Section 666.2 Behavior + Personal Habits, Section 661.5 Prohibited Conduct,
Section 661.51 Discrimination, Section 661.53 Unacceptable Conduct, Section
673.32 Prohibiting Discrimination + Harassment, section 661.54 Use
of Intoxicating Beverages. Management has abused the title,

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**1.** Bill Wrand   White Male
(Name of Employee)   Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: he lied for management and gave A statement
against me.

**2.** Mary Deal   White Female
(Name of Employee)   Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: she gave false information against me.

**3.** Charles Michaelro   White male +
Every employee in the letter Arche
(Name of Employee)   Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: Management has giving all other employeers
preferential treatment

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name Donna Wizieckowski | b. Title 804B |
|---|---|
| c. Office South Jersey | d. Grade Level |
| 2a. Name Val Michealis    Richard Weissmann | b. Title SDO    MDO |
| c. Office South Jersey | d. Grade Level |

*Retaliation Allegations Only:* Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☑ No ☐ Yes   If yes, explain how the official(s) became aware: _____

## F. Resolution

What are you seeking as a resolution to your pre-complaint? The harassment to stop, Disparity treatment
to cease, Ms Wizieckowski to be removed from the letter Arole, Mone to
for pain and suffering because of stress headaches and for racial
discrimination.

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?   ☑ No   ☐ Yes   If yes, _____
                                                                     (Date)          (Current Step)

2. Filed a MSPB appeal on this issue?   ☑ No   ☐ Yes   If yes, _____
                                                                  (Date Appeal Filed)

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?  ☑ No   ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☑ I waive the right to representation at this time.          ☐ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title | |
|---|---|---|
| Organization | Telephone Number ( ) | Email Address* |

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s).  Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended.  This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program.  As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request,.to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act.  Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint.  (A spin-off complaint contests the manner in which a previously filed complaint is being processed.)  In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here

Kenza Lynn Starling

Your Signature

Date signed

7|8|04

Please return this form to:

**MANAGER EEO DISPUTE RESOLUTION**
**U S POSTAL SERVICE**
**P O BOX 9001**
**BELLMAWR NJ 08099-9411**

Please combine with July 2, 2004 Complaint

| U.S. Postal Service | Certified Mail No.<br>7002 2410 0007 1983 7502 | Date Mailed  *or*  Hand Delivered on<br>02/04/2005 |
|---|---|---|
| **Information for Pre-Complaint Counseling** | By *(Initials)*<br>MAZ | Case No. |

On **February 3, 2005** , you requested an appointment with a Dispute Resolution Specialist.
*(Month, Day, Year)*

Important: Please read. You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

| Name *(Last, First, MI)*<br>**STARLING, KENZA** | Social Security No. | Home Telephone No.<br>**(302) 325-1931** |
|---|---|---|

Your Mailing Address
60 Liberto Lane New Castle DE 19720

| Name of Postal Facility Where You Work<br>SSD+C | Office Telephone No.<br>(300) 325-1931 |
|---|---|

| Address of Postal Facility<br>421 Benigno Blvd Bellmawr NJ 08031-9998 | Email Address* |
|---|---|

| Employment Status *(Check One)* | Position Title<br>Modified Mail Processor | Grade Level<br>5 |
|---|---|---|
| ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career | | |

| Pay Location<br>321 | Tour<br>3 | Duty Hours<br>19:00- 03:50 | Off Days *(If Tour I, Show Nights Off)*<br>Mon \| Tue | Time in Current Position<br>11 Years   3 Months |
|---|---|---|---|---|

| Your Supervisor's Name<br>Valerie Michealis | Supervisor's Title<br>Manual Letters | Supervisor's Telephone No.<br>(856) 933-4009 |
|---|---|---|

◆Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Retaliation

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On **July 2, 2004** , I engaged in EEO activity. Case No.: No case # has been assigned as of 2/8/05
   *(Month, Day, Year)*

2. On _____ , I engaged in EEO activity. Case No.: _____
   *(Month, Day, Year)*

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On **December 23** , 20 **04** – Present date
   *Month, Day*          *Year*

Violation of Article 13 in CBA, Section B/ELM 17.5 Section 546.141
Section A, B, C+D reguarding Change of hours and modification of
job. ELM 17.5 Section 666.2 Behavior + Personal Habits, Section
666.51 Discrimination, Section 661.53 Unacceptable Conduct, and
Section 673.22 Prohibiting Discrimination + Harassment pretermin
to Notice for Unacceptable CA-17's, Absent from duty Notice, FMLA
Notice and removal from building (SSD+C).

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

1.
Sherri Jacurak    White Female (Limited/Light Duty employee.)
*(Name of Employee)*    *Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)*

was treated differently than I when: Involving change of hours, change of schedule and modification of job.

2.
Joan Chance    White Female (Limited Duty employee)
*(Name of Employee)*    *Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)*

was treated differently than I when: Involving change of hours, change of schedule and modification of job.

3.
_____    _____
*(Name of Employee)*    *Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)*

was treated differently than I when: _____

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name Joe Vannera | b. Title MDO |
| Donna Wdzieckowski | 204 B |
| c. Office | d. Grade Level |
| SJD+C | |
| 2a. Name Valerie Michealis | b. Title SDO |
| Richard Weissmann | MDO |
| c. Office | d. Grade Level |
| SJD+C | |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No  ☑ Yes  If yes, explain how the official(s) became aware: I chose not to remain anonymous and besides it the Postal Office. Nothing remains personal at this plant.

## F. Resolution

What are you seeking as a resolution to your pre-complaint?

Monetary for Pain and suffering!

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

8/6/04  Yes    Step 2
1. Filed a grievance on the same issue?    ☑ No    ☑ Yes    If yes, 1/26/05  No    Waiting for outer
*(Date)*    *(Current Step)*

2. Filed a MSPB appeal on this issue?    ☐ No    ☐ Yes    If yes, _____
*(Date Appeal Filed)*

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity? ☑ No  ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☑ I waive the right to representation at this time.  ☐ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title | |
|---|---|---|
| Organization | Telephone Number<br>(    ) | Email Address* |

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here

Kenza Stading

Your Signature

Date signed

2/8/04

Please return this form to:

**MANAGER EEO DISPUTE RESOLUTION**
**U S POSTAL SERVICE**
**P O BOX 9001**
**BELLMAWR NJ 08099-9411**

**UNITED STATES POSTAL SERVICE®**    **EEO Complaint of Discrimination in the Postal Service**
*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name KENZA L. STARLING | 2. SSN | 3. Case No. 1C-081-0042-04 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box | 4b. City State & Zip +4 |
|---|---|
| 5105 Christiana Meadows | Bear DE 19701 |

| 5. Email Address* | 6. Home Phone (302) 335-0668 | 7. Work Phone ( ) |
|---|---|---|

| 8. Position Title *(USPS Employees Only)* Modified Mail Processor | 9. Grade Level *(USPS Employees Only)* 5 | 10. Do you have Veteran's Preference Eligibility? ☐ Yes ☒ No |
|---|---|---|

| 11. Installation Where You Believe the Discrimination Occurred *(Identify Installation, City, State, and Zip+4)* 5 JDC Bellmawr office | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory Valerie Michealis (DDD)  Donna Udzieckowsk Richard Weissmann (MDO)  (2040) Joe Vannera  (MDO) |
|---|---|

| 13a. Name of Your Designated Representative Marra Ealy | 13b. Title Rep |
|---|---|

| 13c. Mailing Address *(Street or P.O. Box)* 1430 Karghn Ave | 13d. City, State and Zip +4 Camden NJ 08131-2936 |
|---|---|

| 13e. Email Address* | 13f. Home Phone (856) 964-5128 | 13g. Work Phone ( ) |
|---|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.*

**14. Type of Discrimination You Are Alleging**

☒ Race *(Specify)* Unacceptable Conduct
☐ Color *(Specify)*:
☐ Religion *(Specify)*:
☐ National Origin *(Specify)*:
☒ Sex *(Specify)*: Disparity Treatment
☐ Age (40+) *(Specify)*:
☒ Retaliation *(Specify)*: Harrassment
☒ Disability *(Specify)*: Disparity Treatment

**15. Date on which alleged act(s) of Discrimination Took Place** December 23, 2004 – April 6, 2005 5/29/04 – 12/22/04

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently) than other employees or applicants because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

See attachment; Dated December 23, 2004 through April 6, 2005 May 29, 2004 through December 22, 2004

See Attachment!
Requesting to be compensated and reimbursed everything lost from time out of work!!
Regular hours 1:30 Pm – 10:00 Pm

17. What Remedy Are You Seeking to Resolve this Complaint? Monetary for Pain and suffering! (Stress) Modified Job, Return to regular work hours, Compensated for time out Of work, All my annual leave taken each pay period to be returned back, Reimbursed-Medical Bills, Transportation, All bi-weekly allotments never be supervised by Donna Udzieckowski and Valerie Michealis again, Richard Weissman & Joe Vannera take A course in Employee Relations on Ethics in the work place!!!

18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™* mediator?
☒ Yes   **Via Certified Letter 7002 2410 0007 1983 9902 dated 04/07/2005**
☐ No
*(Date You Received the Notice of Final Interview)*

| 19a. Signature of Dispute Resolution Specialist Maureen McManus | 19b. Date 04-07-2005 |
|---|---|

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint |
|---|---|

**UNITED STATES**
**POSTAL SERVICE®**

# EEO Complaint of Discrimination in the Postal Service
*(See Instructions and Privacy Act Statement on Reverse)*

| | |
|---|---|
| **1. Name** KENZA L. STARLING | **2. SSN** — **3. Case No.** 1C-081-0016-05 |

| | |
|---|---|
| **4a. Mailing Address – Street or PO Box** 5105 Chreotiana Meadows | **4b. City State & Zip +4** Brear DE 19701 |
| **5. Email Address*** | **6. Home Phone** (302) 325-0668  **7. Work Phone** ( ) |

| | | |
|---|---|---|
| **8. Position Title (USPS Employees Only)** Modified Mail Processor | **9. Grade Level (USPS Employees Only)** 5 | **10. Do you have Veteran's Preference Eligibility?** ☐ Yes  ☑ No |

| | |
|---|---|
| **11. Installation Where You Believe the Discrimination Occurred** *(Identify Installation, City, State, and Zip+4)* SJDC Bellmawr Office | **12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory** Valerie Micheahs (SDO)  Donna Wdzreckowsk Archard Werssmann (MDO)  2046  Joe Vannera (MDO) |

| | |
|---|---|
| **13a. Name of Your Designated Representative** Maria Zahy | **13b. Title** Rep |
| **13c. Mailing Address (Street or P.O .Box)** 1430 Kaighn Ave | **13d. City, State and Zip +4** Camden NJ 08131-2936 |
| **13e. Email Address*** | **13f. Home Phone** (859) 964-5128  **13g. Work Phone** ( ) |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

| **14. Type of Discrimination You Are Alleging** | **15. Date on which alleged act(s) of Discrimination Took Place** |
|---|---|
| ☑ Race (Specify): Unacceptable Conduct  ☑ Sex (Specify): Disparity Treatment | 5/24/04 - 12/23/04 |
| ☐ Color (Specify):  ☐ Age (40+) (Specify): | 12/23/04 - 4/6/05 |
| ☐ Religion (Specify):  ☑ Retaliation (Specify): Harassment | |
| ☐ National Origin (Specify):  ☑ Disability (Specify): Disparity Treatment | |

**16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)***

See attachment's Dated ~~May 24, 2004 - December 23, 2004~~
December 23, 2004 - April 6, 2005

**17. What Remedy Are You Seeking to Resolve this Complaint?** ☐ See Attachment Monetary for Pain and Suffering (Stress)
Modified Job (Mail Processor) Return to regular work hours 1:30 pm - 10:00 pm
Compensated for time lost from work, All annual leave taken each pay period be
returned back, Reimbursed- medical bills, Transportation, All bi-weekly allot-
ments, never be supervised by Donna Wdzreckowski and Valere Micheahs again
Archard Werssmann & Joe Vennera take A course in Employee Relations on
ethics in the work place!!!

**18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™* mediator?**
☑ Yes  **Via Certified Letter 7002 2410 0007 1983 9919 dated 04/07/2005**
☐ No
*(Date You Received the Notice of Final Interview)*

| **19a. Signature of Dispute Resolution Specialist** Maureen M. Granes | **19b. Date** 04-07-2005 |
|---|---|
| **20. Signature of Complainant or Complainant's Attorney** | **21. Date of this Complaint** |

PS Form 2565, March 2001 *(page 1 of 2)*


**UNITED STATES**
**POSTAL SERVICE®**

# Notice of Right to File Individual Complaint

TO: Name *(First, MI, Last)*

**KENZA L. STARLING**

Re: Case No.

**1C-081-0016-05**

This notice will attest to the fact that on _____**April 7, 2005**_____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service,* for this purpose. The complaint must be delivered to:

> EEO DISPUTE RESOLUTION
> PO BOX 9001
> BELLMAWR NJ 08099-9411

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) The specific type of discrimination alleged, e.g. race – African American, sex – female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which to USPS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *Maureen McGlade* | 04/07/2005 | | Apr 14, 2005 |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form **2579-A**, March 2001

PAGE I

11

MAY 29, 2004 – JUNE 2, 2004

KENZA STARLING-GRIEVANT

DOCUMENTS NOTES: HARASSMENT, DISPARITY TREATMENT,
DISCRIMINATION/RACE AND RETALIATION!

LISTED AS FOLLOWED; ALL ACTS AND ATTEMPTS TAKEN AGAINST MS
STARLING BY MANAGEMENT WHICH SHOWS RETALIATION, DISPARITY
TREATMENT, DISCRIMINATION / RACE AND/OR HARASSMENT!

MAY 29, 2004 – AFTER RETURNING BACK TOO WORK FROM VACATION. MS
STARLING FOUND OUT THAT SHE WAS PLACED IN AN AWOL STATUS
(ABSENT WITHOUT LEAVE) FROM 5/22/04-5/27/04 WHILE ON VACATION.
DOCUMENTS WERE PROVIDED IN ADVANCE FOR VACATION. MS STARLING
TURNED IN HER 3971'S TO DONNA W (204B) FOR VACATION TIME ON 5/21/04
(THESE ORIGINAL 3971'S WERE LOST AND NEVER FOUND)! MS STARLING
FOUND OUT THAT HER 3971'S SUBMITTED ON MAY 21ST 2004 FOR
VACATION WERE SUPPOSED TO HAVE BEEN FILLED OUT INCORRECTLY BY
HER; THIS WAS TOLD BY VICKI REGO (ACTING MDO). WHICH SHE WAS
TOLD BY 204B DONNA W. (HARASSMENT AND DISCRIMINATION / RACE)!

JUNE 2, 2004 – MS STARLING WAS SUBJECTED TO A VERY
UNCOMFORTABLE MEETING WITH MANAGEMENT BECAUSE OF HER
QUESTIONING MS D. WDZIEZCKOWSKI (204B) ABOUT HER PARTICIPATION
IN HAVING HER AWOL WHILE SHE WAS ON VACATION. ALL VACATIONS
SLIPS (3971'S) WERE GIVEN TO MS W. (204B) ON THE 21ST OF MAY 2004.
(RETALIATION, DISPARITY TREATMENT, HARASSMENT, AND
DISCRIMINATION / RACE)!

12                              PAGE II

CONTINUED:

JUNE 2, 2004-JUNE 4, 2004

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT, DISPARITY TREATMENT,
DISCRIMINATION/RACE AND RETALIATION!

JUNE 2, 2004 – AT 11:00 PM WHILE MS STARLING WAS ON BREAK SHE
RECEIVED A PAGE FROM D.W. (204B) ABOUT BEING OUT OF THE WORK
AREA! WHICH WAS VERY UNCAUSED FOR BECAUSE MS STARLING
WAS ON BREAK (HARASSMENT AND DISCRIMINATION / RACE)!

JUNE 2, 2004 – DONNA W. (204B) AWOL MS STARLING AGAIN! HER REASON
WAS THAT MS STARLING WAS OUT OF HER WORK AREA FROM 9:55 – 11:10
PM...WHICH WAS UNTRUE (HARASSMENT, DISPARITY TREATMENT,
DISCRIMINATION/RACE AND RETALIATION)!

JUNE 2, 2004 – AFTER MS STARLING RETURNED BACK FROM BREAK SHE
WAS HARASSED BY DONNA W (204B) FOR HER TIME CARD! (DISPARITY
TREATMENT, RETALIATION, DISCRIMINATION/RACE AND HARASSMENT)!

JUNE 3, 2004 – MS STARLING WAS SUBJECTED TO A WRONGFUL DAY IN
COURT WITH MANAGEMENT ABOUT BEING OUT THE WORK
AREA ON 6/2/04 AT 9:55-11:10 PM WHICH SHE WAS PLACED IN AWOL
STATUS BY D.W. (204B)! MS STARLING WAS ALSO QUESTIONED ABOUT THE
TIME CARD INCIDENT THAT TOOK PLACE 11:10 AFTER SHE RETURNED
FROM BREAK ON 6/2/04 (HARASSMENT, DISPARTITY TREATMENT,
DISCRIMINATION/RACE AND RETALIATION!

JUNE 3, 2004 – MS STARLING WAS APPROACHED BY DONNA W. (204B)
AGAIN ABOUT HER TIME CARD WHILE ENGAGED IN A CONVERSATION
WITH AN EMPLOYEE, WALTER BULLOCK. (HARASSMENT, DISPARITY
TREATMENT, AND DISCRIMINATION/RACE)!

JUNE 4, 2004 – MS STARLING WAS CHASED DOWN BY DONNA W. (204B) FOR
LEAVING THE WORK AREA. MS STARLING WAS GOING TO THE APWU
UNION OFFICE TO PICK UP HER STATEMENT FROM JACK SNOW-SHOP
STEWARD (HARASSMENT)!

13                              PAGE III

CONTUNED:

JUNE 4, 2004 – JUNE 25, 2004

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT, DISPARITY TREATMENT,
DISCRIMINATION/RACE AND RETALIATION!

JUNE 4, 2004 – MS STARLING REQUESTED UNION TIME. DONNA W. (204B)
DENIED HER EVEN THOUGH THERE WAS NO WORK AVAILABLE IN THE
WORK AREA! MS STARLING THEN REQUEST TIME FROM DARLENE
CARPENTER (MDO) WHICH WAS APPROVED THEN DENIED (DISPARITY
TREATMENT, RETALIATION, AND DISCRIMINATION/RACE)!

JUNE 10, 2004 – MS STARLING HAD A CONVERSATION WITH VALERIA
MICHAELIS (SDO) ABOUT WHY SHE WAS AWOL DURING HER VACATION.
MS STARLING ALSO REQUESTED HER ORIGINAL 3971'S THAT WAS
SUBMITTED 5/21/04 FOR HER VACATION TIME. MS MICHEAL SAID SHE
NEVER SEEN THE 3971'S SUBMITTED FOR MS STARLING VACATION, AND
THAT IS WHY MS STARLING WAS AWOL FOR THAT TIME. SDO MICHAELIS
TOLD MS STARLING THAT SHE WILL TRY TO FIND THE 3971'S. BUT- THE
3971'S WERE NEVER FOUND. SDO MICHEALIS APPEARED TO BE UNDER THE
INFLURENCE OF ALCOHOL. (RETALIATION AND HARASSMENT,
DISCRIMINATION/RACE, AND DISPARITY TREATMENT, UNACCEPTABLE
CONDUCT)!

JUNE 10, 2004 – MS STARLING WAS SUBJECTED TO ANOTHER DAY IN
COURT ON HER CONDUCT FOR JUNE 2ND & 3RD 2004. GIVEN BY SDO
VALERIE MICHEALIS (RETALIATION, DISCRIMINATION/RACE DISPARITY
TREATMENT, AND HARASSMENT)!

MS STARLING WAS PLACED IN A VERY STRESSFUL SITUATION ON DATES
LISTED: JUNE 2ND, 3RD, 4TH, 10TH, AND 11TH, 2004! SHE FELT STRONGLY THAT
SHE WAS BEING WATCHED BY MANAGEMENT ON HER EVERY MOVE! NO
HUMAN BEING SHOULD EVER BE PLACED IN THIS TYPE OF POSITION.
MANAGEMENT NEEDS TO REALIZE THAT THIS IS NOT MENTALLY OR
PHYSICALLY HEALTHY FOR ANYONE (DISPARITY TREATMENT,
HARASSMENT, AND DISCRIMINATION/RACE)!

JUNE 10TH-25TH 2004 SDO MICHEALIS INTERMITTENTLY APPEARED TO BE
UNDER THE INFLURENCE OF ALCOHOL. (UNACCEPTABLE CONDUCT)!

14

PAGE IV

CONTINUED:

JUNE 15, 2004-JULY 5, 2004

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE AND RETALIATION!

JUNE 15, 2004 – MS STARLING WAS GIVEN ANOTHER 7-DAY SUSPENSION NOTICE (RETALIATION, HARASSMENT, DISPARITY TREATMENT, AND DISCRIMINATION/RACE)!

JUNE 24, 2004 – MS MICHEALIS (SDO) WAS OUT OF LINE AND VERY UNPROFESSIONAL TOWARDS MS STARLING. MS MICHEALIS ACCUSED MS STARLING OF HAVING HER TIME CARD IN HER POSSESSION (HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE, AND RETALIATION)!

JUNE 24TH, 25TH, AND 26TH – ABUSIVE BEHAVIOR FROM MS MICHEALIS AND MS WDZIEZCKOWSKI WITH MS STARLING TIME CARD! THEY WOULD PLAY GAMES BY MOVING MS STARLING TIME CARD SO THAT WHEN SHE ARRIVED AT HER BEGIN TOUR... HER TIME CARD WOULD NOT BE IN HER NAME SLOT (HARASSMENT)!

JULY 1, 2004 – UPDATE: REQUEST FOR MEDICAL DOCUMENT ON MS STARLING LIMITATIONS.  ONLY CERTAIN EMPLOYEES WERE GIVEN THIS NOTICE! THERE ARE EMPLOYEES THAT ARE ON LIMITED/LIGHT DUTY. THAT HAD NOT BEEN REQUESTED TO UPDATE MEDICAL INFORMATION IN YEARS.  MS STARLING IS MADE TO PROVID DOCUMENTS EVERY 3 TO 6 MONTHS OR LESS (HARASSMENT AND DISPARITY TREATMENT)!

JULY 5, 2004 – MS STARLING WAS HARASSED AGAIN BY DONNA W. (204B) ABOUT HER COMING IN 2 HOURS EARLY. EVEN THOUGH THERE WERE FOUR OTHER EMPLOYEES THAT CAME IN EARLIER THEN MS STARLING... SHE WAS THE ONLY ONE THAT MS W. (204B) HAD A PROBLEM WITH... (DISPARITY TREATMENT AND HARASSMENT)!

15

PAGE V

CONTINUED:

AUGUST 5, 2004-SEPTEMBER 24, 2004

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT, DISPARITY TREATMENT,
DISCRIMINATION/RACE, AND RETALIATION!

AUGUST 5, 2004 – SDO MICHEALIS WAS VERY CONFRONTATIONAL
TOWARDS MS STARLING ABOUT HER FOOTWEAR, EVEN THOUGH THERE
WERE OTHER EMPLOYEES THAT HAD ON SLING BACK SHOES (SANDLES)
ON THE SAME DAY FOR A FULL 8 HOURS OF THEIR TOUR (HARASSMENT
AND DISPARITY TREATMENT)!

SEPTEMBER 24, 2004 – MS STARLING LEFT THE WORK AREA WITH AN
EMPLOYEE (DONNIE ELLERBE) THAT WAS PASSING THROUGH HER WORK
AREA AT THE END OF HIS TOUR.  EVEN THOUGH MS STARLING TOOK LESS
THEN 5 MINUTES TO WALK MR ELLERBE TO THE EMPLOYEES ENTRANCE...
SHE WAS PAGED BY SDO MICHEALIS FOR LEAVING THE WORK AREA.
(HARASSMENT DISPARITY TREATMENT, DISCRIMINATION/RACE AND
RETALIATION)!

SEPTEMBER 24, 2004 – AFTER RETURNING BACK TO WORK AREA MS
MICHEALIS HAD REMOVED MS STARLING CHAIR FROM HER WORK
STATION AND GIVEN IT TO ANOTHER EMPLOYEE. AFTER MS STARLING
QUESTIONED MS MICHEALIS ABOUT THE CHAIR ON RETURNING IT...
MS MICHEALIS REQUESTED THAT MS STARLING PROVIDE MEDICAL
DOCUMENTATION FOR THE CHAIR. NO OTHER EMPLOYEE HAD PROVIDED
DOCUMENTATION IN MONTHS OR EVEN YEARS!  MS STARLING PROVIDED
DOCUMENTATION THE FOLLOWING DAY (HARASSMENT, DISPARITY
TREATMENT, DISCRIMINATION/RACE AND RETALIATION)!

16

PAGE VI

CONTINUED:

DECEMBER 23, 2004 – JANUARY 18, 2005

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT, DISPARITY TREATMENT,
DISCRIMINATION/RACE AND RETALIATION!

DECEMBER 23, 2004 MS STARLING RECEIVED A CHANGE OF HOURS
NOTICE, EFFECTIVED FOR JANUARY 22, 2004 (SNOW STORM/STATE OF
EMERGENCY). MS STARLING SIGNED OFF ON THE NOTICE 12-28-04 THAT
SHE ACCEPTED THE CHANGE OF HOURS. ON JANUARY 23, 2005 MS
STARLING ARRIVED AT WORK FOR NEW HOURS. FOUR HOURS LATER MS
STARLING WAS TOLD BY DONNA W. (204B) THAT THE NEW HOURS DIDN'T
APPLY TO MS STARLING BECAUSE SHE WAS ON LIMITED DUTY
DISCRIMINATION AND DISPARITY TREATMENT)!

JANUARY 18, 2005 – MS STARLING RECEIVED A NOTICE FOR
UNACCEPTABLE CA-17 FROM SDO MICHAELIS. MS STARLING WAS
REMOVED FROM HER WORK AREA AND MADE TO STAY IN SWING-ROOM
UNTIL PAPERWORK IS PROVIDED! MS STARLING WAS PERMITTED ONLY
SEVEN DAYS. MS STARLING HAD ALREADY PROVIDED MS MICHEALIS
WITH CA-17'S DATED 10/18/04 AND 12/23/04. EACH CA-17 WAS SUBMITTED
BEFORE AND AFTER SURGERY DATED 11/22/04 (HARASSMENT, DISPARITY
TREATMENT, DISCRIMINATION/RACE AND RETALIATION)!

JANUARY 18, 2005 – MS STARLING RECEIVED ANOTHER NOTICE FROM SDO
MICHEALIS. THIS TIME IT WAS FOR ABSENCE FROM DUTY. THIS NOTICE
WAS ACCOMPANIED WITH TWO FMLA FORMS REQUESTING UPDATES. MS
STARLING COULD NOT UNDERSTAND WHY SHE RECEIVED THESE NOTICES
BECAUSE MS MICHEALIS HAD WRITTEN DOCUMENTS IN ADVANCE FOR MS
STARLING SURGERY DATED 11-22-04. MS STARLING HAD RETURNED BACK
TO WORK ON JANUARY 8, 2005. AS FOR MS STARLING FMLA UPDATE, IT IS
NOT DUE UNTIL MARCH 30, 2005 FOR SELF, AND THE MONTH OF MAY FOR
DEPENDENTS. DAVID HARVEY IS RESPONSIBLE FOR EMPLOYEES FMLA
UPDATED (HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE
AND RETALIATION)!

17

PAGE VII

CONTINUED:

JANUARY 23, 2005 – JANUARY 31, 2005

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT DISPARITY TREATMENT, DISCRIMINATION/RACE AND RETILIATION!

JANUARY 23, 2005 MS STARLING SUBMITTED A CHANGE OF SCHEDULE REQUESTING TEMPORARY HOURS TO BE CHANGED FROM 7:00 PM – 3:30 AM TO 1:30 PM – 10:00PM BECAUSE THE HOURS ARE GREATLY NEEDED (COURT CUSTODY PAPERS). ON JANUARY 26, 2005 SDO MICHEALIS RETURNED THE REQUESTED DOCUMENTS, WHICH HAD BEEN DENIED… (HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE AND RETALIATION)!

JANUARY 24TH AND 25TH MS STARLING HAD A PHONE CONVERSATION WITH JOE VANNERA MDO ABOUT CHANGE OF SCHEDULE. CHANGE OF SCHEDULE WAS DENIED. (DISPARITY TREATMENT)! AFTER PHONE CONVERSATION MS STARLING CONTACED CHARLES THATCHER (PLANT MANAGEMENT) SECRETARY MARIE, TO SET UP AN APPOINTMENT TO DISCUSS A CHANGE OF SCHEDULE, HOURS, AND THE MODIFICATION OF HER JOB.

JANUARY 26, 2005 MS STARLING WAS STANDING AT TIME CLOCK WAITING TO BEGIN TOUR. SDO MICHEALIS PULLED MS STARLING ASIDE ON THE WORK FLOOR AND RETURNED MS STARLING'S CHANGE OF SCHEDULE DOCUMENT (WHICH WAS DENIED) AND A COPY OF HER BUCK SLIP FOR REQUEST DATED 1-23-05… THEN MS STARLING WAS TOLD BY SDO MICHEALIS THAT SHE HAD TO LEAVE THE BUILDING UNTIL PROPER PAPERWORK (CA-17) IS PROVIDED FOR HER LIMITATIONS (HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE AND RETALIATION)!

JANUARY 31, 2005 MS STARLING WAS SCHEDULED TO MEET WITH CHARLES THATCHER (PLANT MANAGEMENT) TO DISCUSS CHANGE OF SCHEDULE, HOURS, AND TO HAVE HER JOB MODIFIED. MR THATCHER DID NOT SHOW UP FOR MEETING (DISPARITY TREATMENT)!

18

PAGE VIII

CONTINUED:

FEBRUARY 7, 2005 – MARCH 17, 2005

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE AND RETALIATION!

FEBRUARY 7, 2005 – MS STARLING RECEIVED ANOTHER NOTICE FROM SDO MICHEALIS. SUBJECT-JOB OFFER FOR MANUAL CLERK ALSO ATTACHED WAS A REPORT BACK TO WORK ORDER...SDO MICHEALIS STATED IN THE NOTICE THAT, IN ACCORDANCE WITH THE RECOMMENDATION FROM SHARED SERVICES, UPON YOUR ACCEPTANCE OF SAID JOB OFFER. MS STARLING COPIES OF E-MAIL CONVERSATION BETWEEN MS DUNN (SHARE SERVICES) AND SDO MICHEALIS STATES DIFFERENTLY. IT IS A KNOWN FACT THAT ALL JOB OFFERS MUST BE AGREED UPON BY MS STARLING AND/OR PHYSICIAN AS LONG AS IT IS IN ACCORDANCE WITH HER LIMITATIONS, SENT TO DEPT OF LABOR, AND PLACE ON FILE WITH SHARE SERVICES. BESIDES MS STARLING JOB TITLE IS A MODIFIED MAIL PROCESSOR. THIS NOTICE WAS GIVEN TO MS STARLING AT HER DAY IN COURT SCHEDULED MARCH 23, 2005. (HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE AND RETALIATION)!

MARCH 17, 2005 - MS STARLING RECEIVED A DAY IN COURT NOTICE THROUGH CERTIFIED MAIL FROM SDO MICHEALIS AND JOE VANNERA. SUBJECT – OFFICIAL DIRECTIVE / ABSENT FROM DUTY / DAY IN COURT. NOTICE ALSO STATES THAT MS STARLING HAS BEEN CARRIED IN AN AWOL STATUS. WHY- MS STARLING RECEIVED THIS NOTICE IS CONFUSING. SDO MICHEALIS REMOVED MS STARLING FROM THE BUILDING (SJDC) ON JANUARY 26, 2005 FOR UNACCEPTABLE CA-17. SO THE REASON IS/WAS CLEAR TO SDO MICHEALIS OF WHY MS STARLING IS/WAS ABSENT FROM DUTY, BECAUSE SDO MICHEALIS STATED THAT MS STARLING WOULD BE PLACE IN A LWOP STATUS UNTIL CA-17 IS COMPLETED. NOTHING WAS MENTION OF MS STARLING BEING IN AN AWOL STATUS AT THE TIME OF REMOVAL. DAY IN COURT SCHEDULED FOR MARCH 23, 2005 (HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE AND RETALIATION)!

19

PAGE VIIII

CONTINUED:

APRIL 6, 2005 – PRESENT

KENZA STARLING-GRIEVANT

DOCUMENT NOTES: HARASSMENT, DISPARITY TREATMENT,
DISCRIMINATION/RACE AND RETALIATION!

APRIL 6, 2005 – UPON MS STARLING RETURNED BACK TO WORK AFTER
BEING REMOVED FROM THE BUILDING ON 1/26/05 BECAUSE OF AN
UNACCEPTABLE CA-17. MS STARLING MET WITH MDO JOE VANNERA, SDO
MICHEALIS, AND BOB PEQUES (UNION REP) TO DISCUSS HER CA-17 THAT
WAS TO BE COMPLETED BY THE REQUESTED OF SDO MICHEALIS. WHILE
MS STARLING PAPERWORK WAS BEING REVIEWED BY THE SDO
MICHEALIS AND MDO VANNERA, ANOTHER OBSTACLE BECAME PRESENT.
IT WAS DETERMINED BY SDO MICHEALIS AND MDO VANNERA THAT
BECAUSE MS STARLING JOB OFFER WAS TEMPORARY DENIED BY
PHYSICIAN. AND MS STARLING CHOSE NOT TO SIGN OFF ON THE JOB
OFFER IN REGARDS TO HER PHYSICIANS REQUEST. MS STARLING WAS
THEN REMOVED FROM THE BUILDING (SJDC) AND PLACE IN A LWOP
STATUS. ACCORDING TO MS STARLING DOCTORS NOTATION, HIS OPINION
WAS THAT THE JOB OFFER CAN NOT BE ACCEPTED AT THE PRESENT TIME.
MS MICHEALIS AND MR VANNERA FOUND THIS TO BE QUESTIONABLE.
(HARASSMENT, DISPARITY TREATMENT, DISCRIMINATION/RACE AND
RETALIATION)!

APRIL 14, 2005

EEO COMPLAINT OF DISCRIMINATION IN THE POSTAL SERVICE;

KENZA STARLING

ANSWER TO QUESTION # 16 SEE ATTACHMENTS:

ANSWER TO QUESTION #17 LISTED AS FOLLOW;

WHAT REMEDY ARE YOU SEEKING TO RESOLVE THIS COMPLAINT?

1. MONETARY FOR PAIN AND SUFFERING (STRESS)!

2. REQUESTING TO BE COMPENSATED / REIMBUSED FOR EVERYTHING THAT I WAS FINANCIALLY AFFECTED DURING MY TIME LOST FROM WORK; RENT, CREDIT CARD PAYMENTS, UTILITIES, FOOD, CHILDREN CLOTHING, SHOES, EYE GLASSES, PERSONAL ITEMS, MEDICAL BILLS, MY COST OF MEDICAL PRESCRIPTIONS, TRANSPORTATION, COMMUTERS E-Z PASS FOR BEING CHARGED FOR TIME UNUSED, ANNUAL LEAVE, FMLA TIME, SICK LEAVE THAT I WOULD HAVE ACCUMULATED. ALL ALLOTMENTS LOST EACH PAY PERIOD WITH SOUTH JERSEY CREDIT UNION-HEALTH INSURANCE, UNION DUES, TSP LOAN PAYMENTS, SAVINGS ACCOUNT, AND CAR NOTE.

3. TO HAVE JOB MODIFIED (MAIL PROCESSOR/CLERK) ACCORDING TO MY LIMITATIONS.

4. RETURN BACK TO REGULAR WORK HOURS (1:30 PM-10:00 PM) SAME DROP DAYS (MONDAY/TUESDAY).

5. NEVER TO BE SUPERVISED BY DONNA WDZIECKOWSKI (204B) AND SDO VALERIE MICHEALIS EVER AGAIN!

6. RICHARD WEISSMANN (MDO) AND JOE VENNERA (MDO) TAKE A COURSE/CLASS IN EMPLOYEE RALATIONS, ON ETHICAL CONDUCT IN THE WORK PLACE!

7. I WENT THE HARASSMENT, THE RELALIATION, AND THE DISPARITY TREATMENT TO STOP!

8. I DON'T WANT TO BE DISCRIMINATED BY MANAGEMENT EVER AGAIN!

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
PHILADELPHIA DISTRICT OFFICE
21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515

KENZA STARLING,                              )
                                             )    EEOC Hearing No. 170-2006-00058X
            Complainant,                     )
                                             )    Agency No. 1C-081-0042-04
      v.                                     )
                                             )
John E. Potter,                              )
Postmaster General,                          )    Date: August 31, 2006
U.S. Postal Service,                         )
                                             )    Administrative Judge
            Agency.                          )    Julie Procopiow Todd

## AGENCY'S PREHEARING STATEMENT

1.    **Factual Contentions**

      1)    5/22/04-    Complainant on vacation but fails to properly notify supervisor
            5/27/04     about leave request. Complainant no call, no show at work.

      2)    5/04    -    Complainant's absence charged as AWOL but eventually corrected
                         and charged as annual leave

      3)    6/02/04-    Complainant confronts SDO Donna Wdzieczkowski to question
                         her about the AWOL charge. Complainant becomes loud and
                         disrespectful and is sent to see MDO Weissman

      4)    6/02/04-    Complainant in AWOL status from 10:55 pm to 11:10 pm for
                         leaving the work area without permission. Complainant refuses to
                         surrender her time card to her supervisor. No employees permitted
                         to keep time cards

      5)    6/15/04-    Complainant issued a 7 day suspension for unauthorized absence
                         from work area and for failure to obey direct order to surrender
                         time card.

6)  6/25/04-    Complainant alleges her time card not placed in her slot when she
    6/26/04     arrives at work. SDO has no knowledge of situation and was
                actually on annual leave on one of those days.

7)  7/01/04-    Complainant sent standard letter to light/limited duty employees to
                update medical information

8)  7/15/04 -   Complainant alleges she was singled out by being questioned
                about her early start time. Complainant, however, failed to get
                permission like all other employees to have an early start time.

9)  8/05/04-    Complainant alleges she was singled out about her footwear.
                Employees not to wear sandals on workroom floor. No supervisor
                or manager observed another employee wearing sandals on
                workroom floor.

10) 9/24/04 -   Complainant alleges her supervisor took her "high back" chair and
                gave it to another employee while on break. Complainant was
                provided a chair with a back support but the high back chair was
                given to another employee who had medical documentation
                supporting their need for the special chair. Complainant's
                supervisor was not aware of such medical documentation for
                Complainant.

11) 11/22/04 -  Complainant off from work for surgery
    1/08/05

12) 1/18/05 -   Complainant to submit acceptable CA-17. CA-17 stated that
                Complainant could not work magazine bundles which was
                inconsistent with her 10-20lb lifting restriction. Complainant not
                permitted to work in her normal work area until CA-17 was
                clarified.

13) 1/23/05-    Complainant requested change in schedule but was denied by SDO
                Vennera due to operational needs.

14) 1/26/05 -   Complainant sent home until she could provide acceptable CA-17.

15) 2/07/05 -   Complainant received an OWCP approved job offer which she
                failed to sign

16) 3/05/05-    7 day suspension settled

| 17) | 3/17/05- | Complainant to meet with management to return to duty |
| 18) | | Complainant returned to duty |
| 19) | | Complainant fails to accept OWCP limited duty job offer |
| 20) | 4/06/05- | Complainant removed from Bldg and placed in a LWOP status |
| 21) | | Complainant finally accepts OWCP limited duty job offer |
| 22) | | Complainant not a disabled individual under the Act |
| 23) | | Complainant and all comparative employees treated equally |

**2.    Evidence**

| 1) | 2004 | Tour 3 Break Schedules |
| 2) | 2004 | Tour 3 Work Schedules |
| 3) | 2005 | Tour 3 Work Schedules |
| 4) | 2004 | PDI Notes |
| 5) | 7/04 | Clock Rings |
| 6) | 2004 | TACS Report for Complainant |
| 7) | | Complainant's Medical File |
| 8) | | Complainant's OWCP File |

All documents are in the possession of Agency Counsel and will be provided to Complainant prior to the hearing date. The Agency reserves the right to refer to any and all documents cited by Complainant in her Pre-hearing Statement or contained in the EEO Investigative File.

**3.    Description of Relief Sought**

The Agency need not respond to this inquiry

3

07-541

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Kenza L Starling

**(b)** County of Residence of First Listed Plaintiff  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

5105 Christiana Meadows
Bear DE 19701

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

John E Potter, Postmaster General USPO

County of Residence of First Listed Defendant _____  X
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)  Office of Federal operations
P.O. Box 19848
Washington DC 20036

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☑ 2   U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☑ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☑ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to District
Judge from
☐ 7 Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII / Rehibilitation Act

Brief description of cause:
Hostile Working Environment    42 USC 32000e-5

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  300,600

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☑ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):
JUDGE _____

DOCKET NUMBER  012007123?

DATE  9|10|07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 7 - 5 4 1 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 1 _____ COPIES OF AO FORM 85.

_____ 9/10/07 _____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____ Kenza Starling _____
(Printed name of Party or their Representative)

**Note: Completed receipt will be filed in the Civil Action**

OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

**RE:   C.A.#** 07-541 JJF

**CASE CAPTION:** Starling   v. Postmaster General

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received 11|6|07        Signed:
by Plaintiff:                          Pro Se Plaintiff

Date Received 11/16/07       Signed:
by Clerk's office:                     Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc:  Docketing Clerk

wp\forms\rule4receipt 2-04