IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENZA L. STARLING,
    Plaintiff,

v.                                         Civil Action No. 07-541-JJF

JOHN E. POTTER, Postmaster General,
United States Postal Service,
    Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, John E. Potter, Postmaster General, United States Postal Service, by and through the undersigned counsel, and in response to each numbered paragraph of the Complaint states as follows:

1. Denied. The averments contained in paragraph 1 of Plaintiff's Complaint concerning jurisdiction are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, Defendant denies them except to admit that Plaintiff purports to bring this action pursuant to the statutory provisions cited.

2. Admitted.

3. Admitted.

4. Denied. The averments contained in paragraph 4 of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, they are denied.

5. Denied that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint and therefore denies said averments.

6.  Denied that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint and therefore denies said averments.

7.  Denied as stated. Plaintiff filed charges with the Agency's Equal Employment Opportunity office regarding alleged discriminatory conduct on the indicated dates.

8.  Denied as stated. On January 5, 2007, Plaintiff filed an appeal to the Equal Employment Opportunity Commission's Office of Federal Operations.

9.  Admitted.

10. Denied. The averments contained in paragraph 10 of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, Defendant denies them except to admit that Plaintiff purports to bring this action pursuant to the alleged discriminatory acts cited.

11. Denied. The averments contained in paragraph 11 of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, Defendant denies them except to admit that Plaintiff purports to bring this action pursuant to the alleged discriminatory purviews cited.

12. Admitted that Plaintiff attaches several documents to the Complaint, including Information for Pre-Complaint Counseling and EEO Complaint of Discrimination in the Postal Service. To the extent, however, that this paragraph and the documents it references may be deemed to set forth allegations of material fact, Defendant denies them except to admit that Plaintiff purports to bring this action pursuant to the alleged discriminatory purviews cited.

13. Denied. The averments contained in paragraph 13 of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, they are denied.

14. Denied. The averments contained in paragraph 14 of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, they are denied.

The allegations in the Complaint after the word "THEREFORE" constitute Plaintiff's prayer for relief to which no response is required. To the extent, however, the aforementioned paragraph may be deemed to set forth allegations of material fact, they are denied.

WHEREFORE, Defendant, John E. Potter, Postmaster General, United States Postal Service, respectfully requests that judgment be entered in its favor and against Plaintiff together with costs and disbursements and such other and further relief as the Court may deem just and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action, in whole or part, is barred by applicable statutes or periods of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed in whole or in part, to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were for legitimate business reasons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly serve Defendant.

Defendant avers that Plaintiff is not entitled to any relief whatsoever. Defendant denies each and every allegation of the Complaint that has not been otherwise admitted, denied, or qualified.

Dated: January 25, 2008                                   Respectfully submitted,

                                                          COLM F. CONNOLLY
                                                          United States Attorney


                                           By:    s/Lesley F. Wolf
                                                  LESLEY F. WOLF
                                                  Assistant U.S. Attorney
                                                  1007 Orange Street, Suite 700
                                                  Wilmington, DE 19801
                                                  (302) 573-6277
                                                  Lesley.wolf@usdoj.gov


OF COUNSEL:
Donna G. Marshall
Attorney
Philadelphia Law Office
United States Postal Service
P. O. Box 40595
Philadelphia, PA 19197-0595
(215) 931-5090
(215) 931-5092 (fax)

## CERTIFICATE OF SERVICE

I, Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, hereby certify that on the 25th day of January 2008, a copy of the foregoing Answer to Plaintiff's Complaint was sent via U.S. mail to:

>Kenza L. Starling
>5105 Christiana Meadows
>Bear, DE 19071

>_____s/Lesley F. Wolf_____
>Lesley F. Wolf
>Assistant United States Attorney