IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENZA L. STARLING, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No. 07-541-JJF |
| POSTMASTER GENERAL JOHN E. POTTER, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion Requested For Counsel. (D.I. 9.) For the reasons discussed, the Motion will be denied without prejudice.

**I. BACKGROUND**

Plaintiff Kenza L. Starling appears pro se. She filed this lawsuit alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. (D.I. 2.)

Plaintiff seeks appointment of counsel. She states that she requires counsel now that she has reached the stage of the case wherein she filed civil litigation. Plaintiff states that she has no knowledge of the law and is financially unable to retain counsel. The Court notes that Plaintiff paid the $350.00 filing fee.

**II. DISCUSSION**

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson,

126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, district courts have statutory authority to appoint counsel for indigent civil litigants at any time during the litigation. 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 504 (3d Cir. 2002). Section 1915(e)(1) affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate. <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993).

When evaluating a motion for the appointment of counsel filed by a <u>pro se</u> plaintiff, initially, the Court must examine the merits of Plaintiff's claim to determine whether it has some arguable merit in fact and law. See <u>Parham</u>, 126 F.3d at 457 (citing <u>Tabron</u>, 6 F.3d at 157). If the case has arguable merit in law and fact the Court should proceed to consider (1) Plaintiff's ability to present her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony of expert witnesses. <u>Montgomery</u>, 294 F.3d at 499 (citing <u>Tabron</u>, 6 F.3d at 155-56, 157 n.5). The list of factors is not exhaustive.

The Court assumes solely for the purpose of deciding the pending Motion, that Plaintiff's claims have arguable merit, and will, therefore, consider the factors articulated in <u>Parham</u> and <u>Tabron</u>. Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted at this time. Moreover, the Court notes that Plaintiff was not granted indigent status and she has paid her filing fee. Accordingly, the Court will deny without prejudice, Plaintiff's Motion.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion Requested For Counsel (D.I. 9) is **DENIED** without prejudice.

_____4/29/08_____   _____[signature]_____
       DATE                UNITED STATES DISTRICT JUDGE